UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                                                                    X
THE NEW YORK TIMES COMPANY                       :
and SCOTT SHANE,
                                                                                    :
                                        Plaintiffs,
                                                                                    :
                                                                                                    **COMPLAINT**
                    - against -                                                :

CENTRAL INTELLIGENCE AGENCY                     :

                                        Defendant.                     :

                                                                                    :
_____X

Plaintiffs THE NEW YORK TIMES COMPANY and SCOTT SHANE, by their undersigned attorney, allege for their Complaint:

       1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to obtain an order for the production of agency records from Defendant Central Intelligence Agency ("CIA") in response to a FOIA request properly made by Plaintiffs.

       2.      The FOIA request at issue in this action seeks decades-old records relating to the death in 1953 of Army and CIA scientist Frank R. Olson. The circumstances of Olson's death remain mysterious nearly six decades later. In 1975, the government asserted that Olson committed suicide after being given LSD without his knowledge. Other evidence suggests that Olson may have been murdered. Olson's son has alleged that his father was killed by the CIA to prevent him from revealing information about government projects on bioweapons development, assassination methods, and mind control techniques. And last year, Netflix released a six-part documentary by Errol Morris exploring Olson's life and death and marshaling evidence to support the theory that Olson was murdered. The historical records sought here would shed light on this ongoing public debate about Olson's scientific work and the circumstances of his death, as well as the activities of the CIA in the post-World War II era.

1

## PARTIES

3. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com.  The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, New York, 10018.

4. Plaintiff Scott Shane is a reporter for *The New York Times* and an employee of The New York Times Company.

5. Defendant CIA is an agency of the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

8. Defendant CIA has failed to meet the statutory deadline set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A). Plaintiffs are therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

9. On September 11, 2003, Plaintiffs submitted a FOIA request to the CIA (F-2003-01659) seeking "1.) all records relating to the work for the Army and the CIA of Frank R. Olson, his death in November 1953 and subsequent investigations into the circumstances of his death;  2.) all records relating to the Special Operations Division located at Fort Detrick, Maryland, between 1949 and 1972."

10. On September 18, 2003, the CIA produced 17 documents totaling 60 pages in response to the first part of Plaintiffs request, and 10 documents totaling 23 pages in response to the second part of Plaintiffs request. The CIA did not state that it was withholding any responsive records. The records produced to Plaintiff indicated that Olson's death was the result of either an accident or suicide.

11. The records produced to Plaintiffs in 2003 did not resolve the questions surrounding Olson's death, and Plaintiff Scott Shane and others continued to investigate. On November 11, 2016, Plaintiffs submitted a second FOIA request to the CIA (F-2017-00266) ("the FOIA request"). In this November 11, 2016 request, Plaintiff Scott Shane explained that he had recently learned "from reliable sources" that "there is in CIA records a file, never publicly disclosed, that gives a very different account of Frank Olson's death" from the account contained in the CIA records produced to Plaintiffs in 2003. The letter further explained that the undisclosed file on Frank Olson's death is reportedly "part of a group of secret files on sensitive matters that are sometimes referred to colloquially as 'the medical records' or 'the medical files.'" The letter also noted that the agency's September 18, 2003 response did not indicate that it was withholding any responsive records.

12. On December 16, 2016, the agency acknowledged receipt of this second FOIA request and construed Plaintiffs' November 11, 2016 letter as a request for an updated search for "1. All records relating to the work for the Army and CIA of Frank R. Olson, his death in November 1953 and subsequent investigation into the circumstances of his death; 2. All records relating to the Special Operations Division located at Fort Detrick, Maryland, between 1949 and 1972."

13. On March 20, 2017, the CIA acknowledged Plaintiff Scott Shane's March 10, 2017 phone call inquiring about the status of the request and provided an estimated completion date of January 21, 2018.

14. On May 17, 2017, Plaintiff Scott Shane wrote a letter to the CIA providing additional information about files relating to Olson's death. In this letter, Plaintiff explained that his sources had suggested that the "medical records" in question may be "the agency's actual medical records on Frank R. Olson, not a label for a broader set of sensitive records," and that these medical records may have been misfiled. The letter also noted that Plaintiff's sources had suggested that the records describe Olson's death as "a deliberate homicide rather than an accident or suicide." The letter further noted that Plaintiff Scott Shane was unsure which description of the "medical files"—as either a collection of secret files on sensitive matters or a collection of records consisting solely of Olson's medical files—was accurate.

3

15. On February 9, 2018, the CIA acknowledged Plaintiff Scott Shane's February 6, 2018 phone call and provided an updated estimated completion date of December 11, 2018.

16. On March 5, 2018, Plaintiffs submitted a letter to the CIA challenging the agency's extension of the estimated completion date by a year.

17. The CIA has failed to respond to Plaintiffs' November 11, 2016 FOIA request within the statutory time frame required under FOIA.

## COUNT

18. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

19. Defendant CIA is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

20. The CIA has failed to meet the statutory deadline set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

21. The CIA has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

22. Accordingly, Plaintiffs are entitled to an order compelling the CIA to produce records responsive to their FOIA request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

23. Declare that the documents sought by their FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

24. Order the CIA to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

25. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

26. Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: New York, NY
April 5, 2018

_____/s/_____
David E. McCraw, Esq.
Legal Department
The New York Times Company
620 8th Avenue
New York, NY 10018
phone: (212) 556-4031
fax: (212) 556-1009
e-mail: mccrad@nytimes.com
*Counsel for Plaintiffs*