

**The New York Times Company**

David McCraw
Vice President & Deputy
General Counsel

T 212 556 4031

mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

February 8, 2019

*Schedule approved.
SO ORDERED*
*/s/ PKC*
*USDJ 2-8-19*

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *The New York Times Company, et al. v. Central Intelligence Agency*, 18-cv-3014-PKC

Dear Judge Castel:

I am counsel for Plaintiffs The New York Times Company and Scott Shane (jointly, "The Times") in the above-referenced action. I write on behalf of both The Times and Defendant Central Intelligence Agency (the "CIA") to update the Court on the status of this Freedom of Information Act ("FOIA") lawsuit, as directed by the Court's memorandum endorsement of November 30, 2018. Dkt. No. 17. More particularly, the parties write to ask the Court to set a briefing schedule for cross-motions for summary judgment.

### Submission from The Times

This action grows out of a FOIA request made by The Times for records pertaining to the death of CIA employee Frank Olson in 1953. Olson had been given LSD as part of a secret CIA experiment. His body was found outside a New York City hotel after he jumped, was pushed, or fell from a 10th floor window. The circumstances of his death have long been the subject of controversy and speculation.

Over the past few months, in an effort to settle this litigation, the CIA has produced hundreds of redacted records responsive to The Times's FOIA request. Nonetheless, The Times continues to believe that the production is inadequate in two respects.

First, The Times challenges the extent of the redactions. Most of the documents have been previously released, in most cases many years ago and with the same redactions. The documents mostly date from 1953, when Olson died, or from 1975, when the dosing of Olson with LSD was first admitted. The Times believes that the redactions were carried out for the most part in 1975, 43 years ago. Presumably, most or all of the security concerns that led to the redactions decades ago have been mitigated by time. Current law subjects classified records with "permanent historical value" to automatic declassification after 25 years, with only certain narrow exceptions. *See* Executive Order No. 13526, § 3.3. Based on its review, The Times believes that many of the redactions are no longer sustainable. The CIA, on the other hand, says the redactions have been reviewed in the past year, and all the responsive information that can be legally released has been provided to The Times.

Second, The Times challenges the adequacy of the CIA's search for responsive documents. Specifically, The Times has been told by sources that there is a document showing that Mr. Olson was murdered on the order of senior CIA officials. This is the so-called "McMahon Memo." In the months after 9/11, Vice President Dick Cheney asked Bernard F. McMahon, a former top CIA official and Senate Intelligence Committee staff director, to review the Olson case. According to information provided to The Times, Mr. McMahon was given access to a file on Mr. Olson in an archive of especially sensitive material. He later told others that it included a document that made clear that Olson's death was murder, not suicide. The Times believes that if such a document exists, it is responsive to the underlying FOIA request. The CIA, in response, has declined to say whether such a document exists but has suggested that The Times submit a new FOIA request specifically requesting the McMahon Memo.

### Submission from the CIA

The CIA performed a thorough search in response to The Times's FOIA request and produced hundreds of records in response. The Times has not identified any particular redactions it is challenging, but appears to object to the fact that certain documents the CIA identified in response to The Times's request were redacted by hand decades ago. To the extent the CIA could not locate unredacted versions of those documents, it was not

2

able to review those redactions. However, all modern redactions applied to responsive documents—that is, all redactions applied to text that was readable in a responsive document located by the CIA—were reviewed for this production.

The Times also suggests that the CIA's search was inadequate because, on the basis of double hearsay, it believes a "McMahon Memo" should exist that would be responsive to The Times's request, but was not part of the CIA's production. The CIA used broad search terms designed to identify responsive material, and it then produced all responsive, non-exempt documents located through that search. The Times's belief that there is an additional responsive document (the existence of which is entirely speculative) that was not produced does not undermine the reasonableness of the CIA's search. To judge the adequacy of an agency's search, courts ask "whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999). This is particularly true for the CIA, as the agency's operation files may be exempted from FOIA pursuant to the CIA Information Act of 1984. *See* 50 U.S.C. § 3141(a). The Times has no legitimate basis upon which to challenge the adequacy of the CIA's search.

## Joint Submission

As is standard practice with FOIA cases in the Southern District, the parties do not believe that discovery is necessary at this time and that the parties can proceed to summary judgment briefing. Accordingly, the parties respectfully request that the Court set the following briefing schedule:

CIA motion for summary judgment: March 29, 2019

NYT cross-motion and response: April 26, 2019

CIA reply and response to cross-motion: May 17, 2019

NYT reply: May 31, 2019

3

We thank the Court for its consideration.

Respectfully submitted,

David E. McCraw

cc:   Jacob Lillywhite, AUSA
      (via ECF)