

David McCraw
Vice President & Deputy
General Counsel

T 212 556 4031

mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

June 3, 2019

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *The New York Times Company, et al. v. Central Intelligence Agency*, 18-cv-3014-PKC

Dear Judge Castel:

I am counsel for Plaintiffs The New York Times Company and Scott Shane (collectively, "The Times") in the above-referenced action. I write to inform the Court that The Times intends to seek dismissal of this lawsuit.

On April 5, 2018, The Times brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of certain documents by Defendant Central Intelligence Agency ("CIA") regarding the death of CIA employee Frank Olson in 1953. The CIA produced responsive records to The Times on October 31, 2018. The Times initially objected to the production on two grounds: (i) many of the documents produced contained significant and legally dubious redactions, and (ii) the CIA's production did not include a specific, sensitive document regarding Mr. Olson's death – the so-called "McMahon Memo" – that The Times, based on its sources, believed to exist. For its part, the CIA claimed that redactions in some of the documents were made by hand many years ago, and that it had been unable to even locate unredacted versions of those records. The agency acknowledged that some of the redactions were "modern" (*i.e.*, made in response to The Times's request) but defended their lawfulness. The CIA also argued that its search for records was adequate even though it had not located the McMahon Memo.

Subsequently, the parties agreed that the CIA would conduct a supplemental search for the McMahon Memo, and that the summary judgment briefing would focus on three issues: (i) the adequacy of the CIA's search for unredacted copies of six particular documents containing the older, hand-made redactions, (ii) the CIA's "modern" redaction of material in a seventh document, and (iii) the adequacy of the CIA's search for the McMahon Memo, which the agency was ultimately unable to locate. Pursuant to a briefing schedule agreed upon by the parties, the CIA filed its motion for summary judgment on May 28, 2019.

After having reviewed the CIA's motion papers, including the declaration setting out the specific parameters of the searches conducted by the agency, The Times – with the consent of the CIA – has elected not to pursue this litigation further. The parties intend to file a stipulation and order of dismissal shortly.

                              Respectfully submitted,

                              /s/
                            David E. McCraw

cc:     Jacob Lillywhite, AUSA (via ECF)
        David Jones, AUSA (via ECF)